**FILED & ENTERED**

**AUG 26 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY carranza  DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.  2:24-bk-16760-VZ |
| | Chapter 11 |
| CHARLIE DIMARIA & SON, INC, a California Corporation, | **ORDER:** |
| | **(1) SETTING CONFERENCE ON STATUS OF REORGANIZATION CASE;** |
| | **(2) REQUIRING DEBTOR-IN-POSSESSION TO APPEAR AT STATUS CONFERENCE AND FILE REPORT ON STATUS OF REORGANIZATION CASE, OR FACE POSSIBLE (A) CONVERSION OF CASE TO CHAPTER 7; (B) DISMISSAL OF CASE; OR (C) APPOINTMENT OF TRUSTEE;** |
| Debtor-in-Possession. | **(3) REQUIRING COMPLIANCE WITH STANDARDS RE EMPLOYMENT AND FEE APPLICATIONS;** |
| | **(4) GIVING NOTICE OF PROBABLE USE OF COURT-APPOINTED EXPERT WITNESS FOR CONTESTED VALUATION REQUESTS;** |
| | **(5) MANDATING USE OF FORMS FOR DISCLOSURE STATEMENT AND PLAN; and** |
| | **(6) ESTABLISHING PROCEDURE FOR (A) MOTION FOR ORDER APPROVING ADEQUACY OF DISCLOSURE STATEMENT; AND (B) MOTION FOR ORDER CONFIRMING PLAN** |
| | Chapter 11 Status Conference Date |
| | Date:    **October 10, 2024** |
| | Time:    10:00 a.m. |
| | Place:   Courtroom 1368 |
| |               Roybal Federal Building |
| |               255 E. Temple Street, Los Angeles, CA 90012 |

On August 22, 2024, CHARLIE DIMARIA & SON, INC. ("Debtor" or "Debtor-in-Possession") filed a voluntary chapter 11 bankruptcy case (the "Case").  Pursuant to 11 U.S.C. § 105(d) and to expedite the disposition of the Case, establish early and continuing control so that the Case will not be protracted because of lack of management and to discourage wasteful pre-confirmation activities, **I ORDER THE FOLLOWING:**

### I. DEBTOR'S STATUS REPORT: Contents, Filing, Service

No later than **September 26, 2024**, the Debtor must file a report on the status of this Case (the "Status Report") which includes a proof of service demonstrating that the Debtor served the Status Report on the U.S trustee, all secured creditors, the holders of the twenty (20) largest unsecured claims**,** all official committees (if any), and a judge's copy.  The Status Report must be supported by admissible evidence in the form of declarations and supporting documents and must:

**A**. <u>Estimate for Filing Disclosure Statement and Plan, and Motion to Approve Adequacy of Disclosure Statement</u>.  Provide an estimate of when the Debtor will file (1) a disclosure statement and plan of reorganization ("Disclosure Statement and Plan") and a motion for order determining adequacy of disclosure statement ("Disclosure Statement Motion"), pursuant to 11 U.S.C. § 1125, FRBP 3016, 3017 and/or 3017.1, and 9014, and related LBR.

**B**. <u>Estimate for Filing Motion to Confirm Plan</u>.  Provide an estimate of when the Debtor will file a motion for order confirming chapter 11 plan ("Confirmation Motion"), pursuant to 11 U.S.C. § 1129, FRBP 3018 and 9014, and related LBR.

**C**. <u>Objections to Claims</u>.  State whether deadlines should be set for filing proofs of claims and for holding hearings on objections to claims and, if so, what should those deadlines be, taking into account LBR 3003-1 and 3007-1;

**D**. <u>Debtor's Duties</u>.  Disclose whether the Debtor has performed all of its duties under (1) 11 U.S.C. §§ 308 and 1116 (if applicable); (2) 11 U.S.C. §§ 521, 1106 and 1107; (3) FRBP 2015(a) and 4002, and (4) LBR 2015-2; and, if not, why not;

E.  Post-Petition Operations.  Describe concisely (1) the post-petition operations of the Debtor, including proposed or authorized use of cash collateral; (2) litigation in which the Debtor is involved (if any); and (3) the status of the Debtor's efforts to reorganize; and

F.  Professionals and Fee Budget.  Disclose whether Debtor has hired -- *or intends to hire* -- any professionals and, if so, whether the professional's employment has been approved by the Court.  If such employment has not been approved, explain why.  Provide a budget of estimated fees and expenses to be incurred by the professionals employed at the expense of the estate; the budget must include all of the information indicated in the "Instructions for the Professional Compensation and Fee Budget" located on this court's page of the court's website, at www.cacb.uscourts.gov.

> **(1) On Main Page—locate the red menu bar at the top, select JUDGES;**
> **(2) Under "JUDGE CONTACT LIST", select HON. VINCENT P. ZURZOLO; and**
> **(3) Under the tab marked INSTRUCTIONS/PROCEDURES,** download and print out the "Instructions for the Professional Compensation and Fee Budget".

## II. STATUS CONFERENCE: Date, Appearance

I will conduct a status conference ("Status Conference") on **October 10, 2024 at 10:00 a.m. at Ctrm 1368, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012**.

A.  Debtor Timely Files Status Report and Appears at Status Conference.  If the Debtor timely files and serves a Status Report (including serving a judge's copy) and appears at the Status Conference, I will ordinarily: (1) set deadlines for filing proofs of claim and for hearings to be held on objections to claims; (2) set a deadline for entry of an order approving the Disclosure Statement Motion; and (3) set a hearing on an order to show cause why this Case should not be converted to a case under chapter 7 or dismissed if these deadlines are not met by the Debtor.

B.  Debtor Does Not Timely File Status Report and Appear at Status Conference.  If the Debtor does not timely file and serve a Status Report and appear at the Status Conference, then, at the Status Conference I may order: (1) the appointment of a trustee pursuant to 11 U.S.C. § 1104(a); (2) the conversion of the Case to one under Chapter 7 pursuant to 11 U.S.C. §§ 105(a) and 1112(b); or (3) the dismissal of the case pursuant to 11 U.S.C. §§ 105(a) and 1112(b).

### III. STANDARDS FOR EMPLOYMENT AND FEE APPLICATIONS

I have promulgated standards that I will apply in considering employment applications under 11 U.S.C. § 327 and fee applications under 11 U.S.C. §§ 330 and 331.  The standards are set forth on the Court's website under "Notice of Amended Standards to be Employed in the Review of Applications for Authorization of Employment on Employment of Professionals" and "Notice of Standards to be Employed in the Review of Applications for the Allowance of Compensation and the Reimbursement of Expenses".  (See paragraph I.F. above for instructions on how to access these documents under the Instructions/Procedures tab.)  Please carefully read and follow them before preparing or filing any such applications.

### IV. VALUATION REQUESTS

If a request for a valuation of collateral pursuant to 11 U.S.C. § 506(a) and FRBP 3012 is made, and more than one party intends to provide admissible evidence regarding value, the court will likely also require testimony of a court-appointed expert witness [FRE 706(a)].  The parties will equally share the cost of this witness and must make payment within 30 days of receipt of a fee statement from this expert witness.  See LBR forms F 3012-1.MOTION.VALUATION and F 3012-1.ORDER.VALUATION are useful.

### V. MANDATORY USE OF LBR FORMS FOR MOTIONS IN F 2081-2 SERIES

Individual Debtors must use form motions and orders in the LBR forms F 2081-2 series.

### VI. DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURE

A.  <u>Disclosure Statement and Plan: General Requirements</u>.  <u>All</u> debtors, individual and non-individual, must request orders approving disclosure statements pursuant to 11 U.S.C. § 1125 and orders confirming a plan of reorganization pursuant to 11 U.S.C. § 1129 by motion within the meaning

of FRBP 9013 and 9014. All motions must be supported by evidence admissible under the Federal Rules of Evidence and in compliance with LBR 9013-1(i).

    **B.** <u>Mandatory Forms</u> -- See paragraph I.F. above for accessing website documents. Select the "**Forms**" link. Then. select the links to these forms.)

        1. **Debtors who are Not Individuals.** If the Debtor <u>is not</u> an individual, the Debtor must use 7 forms on Judge Zurzolo's page of the court website for use by **chapter 11 debtors who are not individuals**.

| # | Form | Description |
|---|---|---|
| **# 1** | VZ CH11.DISC.PLAN | "**Disclosure Statement and Plan**" |
| **# 2** | VZ CH11.NOTICE.HEARING.DISC | "**Notice of Hearing on Disclosure Statement**" |
| **# 3** | VZ CH11.MOTION.DISC.PLAN | "**Disclosure Statement Motion**" |
| **# 4** | VZ CH11.ORDER.DISC.PLAN | "**Order Approving Disclosure Statement**" |
| **# 5** | VZ CH11.NOTICE.DEADLINES.PLAN | "**Notice of Dates and Deadlines**" |
| **# 6** | VZ CH11.MOTION.PLAN | "**Motion to Confirm Plan**" |
| **# 7** | VZ CH11.ORDER.PLAN | "**Order Confirming Plan**" |

        2. **Debtors who are Individuals.** If the Debtor <u>is</u> an individual, the Debtor must use 7 forms on Judge Zurzolo's page of the court website for use by **chapter 11 debtors who are individuals**.

| # | Form | Description |
|---|---|---|
| **# 1** | VZ CH11.IND.DISC.PLAN | "**Disclosure Statement and Plan**" |
| **# 2** | VZ CH11.IND.NOTICE.HEARING.DISC | "**Notice of Hearing on Disclosure Statement**" |
| **# 3** | VZ CH11.IND.MOTION.DISC.PLAN | "**Disclosure Statement Motion**" |
| **# 4** | VZ CH11.IND.ORDER.DISC.PLAN | "**Order Approving Disclosure Statement**" |
| **# 5** | VZ CH11.IND.NOTICE.DEADLINES.PLAN | "**Notice of Dates and Deadlines**" |
| **# 6** | VZ CH11.IND.MOTION.PLAN | "**Motion to Confirm Plan**" |
| **# 7** | VZ CH11.IND.ORDER.PLAN | "**Order Confirming Plan**" |

    **C.** <u>Motion to Confirm Plan</u>.  After granting a Disclosure Statement Motion, I shall:

    1. Set a hearing on a Confirmation Motion.
    2. Set a deadline for serving the approved disclosure statement and the notice of dates and deadlines that sets a hearing on the Confirmation Motion; and
    3. Set a deadline for creditors and equity security holders to transmit ballots and preliminary objections to the Confirmation Motion to the proponent of the plan and the proponent's attorney.

    **D.** <u>Notices of Hearings, Dates and Deadlines</u>.  Any notices, including notice of (a) hearing on the Confirmation Motion, (b) the deadline for filing proofs of claim or interests, (c) the deadline for filing and serving objections to the Confirmation Motion, and (d) the deadline for voting on the plan, must be filed and served in accordance with FRBP 2002(b)-(d), (f)(11), (g)-(k), (p) and 3017-3020.

    **E.** <u>Confirmation Motion</u>.  The Confirmation Motion must be served upon the U.S. trustee, any committee appointed under 11 U.S.C. § 1102, any party that has timely filed and served a preliminary objection to confirmation by the ballot deadline, and any party that has voted against the Plan.  A judge's copy must also be served as provided for in LBR 5005-2(d) and the Court Manual.  The Confirmation Motion must meet at least the following criteria:

    1. **Evidence**.  The Confirmation Motion must be supported by evidence establishing that the plan is confirmable under 11 U.S.C. § 1129; evidence must be admissible under the Federal Rules of Evidence and in compliance with LBR 9013-1(c)(3) and 9013-1(i).

    2. **Service**.  At least 21 days before the confirmation hearing, the Confirmation Motion must be served on the U.S. trustee and on all creditors and equity security holders who have filed and served on the Debtor a preliminary objection to confirmation and/or voted to reject the Plan; and

    3. **Notice of Response Deadline**.  When serving the Confirmation Motion, the Debtor must include notice of the Confirmation Motion that complies with LBR 9013-1(c)(2) and contains notice that any party opposing the Confirmation Motion must file and serve its written opposition at least 14

days before the confirmation hearing date [LBR 9013-1(f)] and that any opposition(s) must be supported by admissible evidence that complies with LBR 9013-1(c)(3) and 9013-1(i).

### VII.  OMNIBUS HEARING PROCEDURE: GENERAL ORDER 23-02

**Pursuant to General Order 23-02, this court may provide a date and time for monthly omnibus hearings to take place.  The Debtor must indicate in the status report if monthly omnibus hearing dates are needed.  At the status conference, the court may set a schedule of monthly dates and times.  The Debtor must comply with filing, noticing and service deadlines when setting a motion for hearing on an omnibus hearing date.**

**IT IS FINALLY ORDERED** that failure to comply with any provision of this order may be deemed consent to the appointment of a chapter 11 trustee, to the conversion of this case to a case under chapter 7, or to dismissal of the case, as set forth above in paragraph II.B.

###

Date: August 26, 2024

Vincent P. Zurzolo
United States Bankruptcy Judge